UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONESHIA NEIL, Deceased, THROUGH HER SUCCESSOR IN INTEREST LATISHA CYPRIAN; LATISHA CYPRIAN, Individually,<br><br>Plaintiff,<br><br>v.<br><br>MODESTO CITY SCHOOLS DISTRICT, a public entity; MODESTO CITY SCHOOLS DISTRICT BOARD MEMBERS: STEVEN GRENBEAUX, SUE ZWAHLEN, CHAD BROWN, CRAIG RYDQUIST, AMY NEUMANN, CINDY MARKS, JOHN WALKER, PAMELA ABLE, VIRGINA (GINGER) JOHNSON, JULIE A. BETSCHART, DAN PARK, NADENE GALAS, RICHARD BAUM, Individually: CHRISTOPHER CHILLES, and ARY CARY ALHO Individually; COUNTY OF STANISLAUS, a public entity; STANISLAUS COUNTY OFFICE OF EDUCATION; and DOES 1-50, jointly and severally,<br><br>Defendants. | 1:17-cv-0256-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 20) |

## I. INTRODUCTION

Doneshia Neil ("Neil"), deceased, through her successor in interest Latisha Cyprian, ("Plaintiff" or "Cyprian") filed a first amended complaint ("FAC") in this action on April 24, 2017 against

1

Defendants Stanislaus County, Stanislaus County Office of Education ("SCOE") (collectively, "Stanislaus Defendants"), Modesto City School District ("MCSD"), MCSD Board Members: Steven Grenbeaux, Sue Zwahlen, Chad Brown, Amy Neumann, Cindy Marks, and John Walker, (collectively "School Board Defendants"), and MCSD administrators: MCSD Superintendent Pamela Able, MCSD Associate Superintendent Virgina (Ginger) Johnson, MCSD Deputy Superintendent Craig Rydquist, Associate Superintendent Julie A. Betschart[1], Fred Beyer High School Principal Dan Park, Fred Beyer High School Assistant Principal Nadene Galas, Thomas Downey High School Principal Richard Baum, Thomas Downey High School Assistant Principal Christopher Chilles[2], and Fred Beyer High School Campus Supervisor Gary Carvalho ("MCSD Administrator Defendants"), (collectively "MCSD Defendants"), and Does 1-50. This action arises out of Neil's suicide following discipline and expulsion from two public high schools in Stanislaus County. MCSD Defendants move to dismiss the FAC in part.

## II. **FACTUAL ALLEGATIONS**[3]

In the fall of 2014[4], Neil, an African-American girl, was enrolled as a high school freshman at Fred Beyer High School in Modesto, CA. (FAC ¶ 32.) Neil was an honor roll student and an active participant in several Beyer High School sports teams. (*Id.*) On January 12, 2015, Neil was involved in a verbal and physical altercation with a Caucasian student. (*Id.* ¶ 34.) Neil and two other African-American students were suspended following the incident, but the Caucasian student was not. (*Id.*) Neil alleges that she was not given notice or the opportunity to tell her side of the story by Defendants Galas, Park, and Carvalho in violation of the California Education Code and SCOE policy. (*Id.*) Defendant

---

[1] This Defendant's last name is alternately spelled "Betschart" and "Breschart" throughout the FAC. The Court will refer to this Defendant as "Betschart."

[2] This Defendant's last name is alternately spelled "Chilles," and "Chillis," throughout the FAC. The Court will refer to this Defendant as "Chilles."

[3] The Court assumes as true the following facts, which are drawn from Plaintiff's FAC.

[4] The FAC indicates that Neil was enrolled in Beyer High School in the fall of 2015. However, most of the incidents alleged in the FAC, including Neil's suicide, took place in January and February of 2015. The Court assumes that Neil enrolled in Beyer High School in the fall of 2014 and that the FAC's use of "2015" was a typographical error.

Galas later contacted Plaintiff to inform her that Neil could not return to school because Defendants Galas and Park heard that Neil was making threats of violence against a Caucasian student. (*Id.* ¶ 38.) Galas suggested that Neil be sent to an inferior alternative school, called Turnaround Opportunity School ("TOPS"). (*Id.*) Plaintiff Cyprian was pressured into withdrawing Neil from Beyer High School and sending her to Downey High School to avoid having to send her to TOPS. (*Id* ¶¶ 39-40.)

Shortly after transferring to Downey High School, Neil was suspended for a fighting incident by Defendants Chilles and Baum without notice or an opportunity to be heard. (*Id.* ¶ 42.) Neil steadfastly denied any involvement in the incident. (*Id.*) On February 6, 2015, while Neil was suspended, her mother was informed by Defendant Chilles that Neil could not return to Downey High School, and that she could either enroll at TOPS or return to Beyer High School. (*Id.* ¶ 44.) Plaintiff contacted Defendant Galas to try to re-enroll Neil at Beyer High School, but was unsuccessful. (*Id.*)

At some time on February 6, 2015[5], Neil committed suicide by consuming a toxic, lethal dose of over-the-counter antihistamine (allergy) medicine. (*Id.* ¶ 45.) Chief Deputy Coroner Sergeant Ed Ridenour of the Stanislaus County Coroner's Office made relevant observations about Neil's death, drawing in part on Neil's suicide note. (*Id.*) Sergeant Ridenour noted that Neil indicated in her suicide note that she "believed her life was over [and that] she based [her belief in part] on being expelled from Beyer High School." (*Id.*) Sergeant Ridenour also noted that Neil "mentioned [in her suicide note] about being transferred to a new school and not having any friends there." (*Id.*) Sergeant Ridenour also indicated that "[b]ased on my training and experience, I believe . . . other incidents which may have directly influenced her decision [to commit suicide] were the recent expulsion from school." (*Id.*)

### III. PROCEDURAL HISTORY

Plaintiff brings four causes of action: 1) deprivation of Plaintiff's First and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983 ("§ 1983") against Stanislaus County, SCOE,

---

[5] The FAC lists this date as February 6, 2016, while the opposition brief lists it as February 6, 2015. Based on the context, it appears that "2016" is a typographical error, and that Plaintiff intended this date to be February 6, 2015.

3

MCSD, MCSD Board Members, and Defendants Rydquist, Betschart, Johnson, Park, Galas, Baum, and Carvalho (first cause of action)[6]; 2) violation of the Equal Education Opportunities Act of 1974 ("EEOA") (20 U.S.C. § 1703) against Stanislaus County, SCOE, MCSD, MCSD Board Members, and Defendants Rydquist, Betschart, and Johnson (second cause of action); 3) violation of Title VI (42 U.S.C. § 2000d *et seq.*) against Stanislaus County, Stanislaus County Office of Education, MCSD, and MCSD Board Members, and Defendants Rydquist, Betschart, and Johnson (third cause of action); and 4) *Monell* liability under 42 U.S.C § 1983 against Stanislaus County (fourth cause of action). (ECF No. 10, ("Complaint").)[7] Plaintiff alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(a)(3) and (4). Venue is proper in this Court.

Now before the Court is MCSD Defendants' motion to dismiss several of the claims set forth in the FAC. (ECF No. 20.) MCSD Defendants first argue that the claims against all individual Defendants should be dismissed because the FAC fails to set forth any factual allegations linking those individuals to the alleged violations. Second, with respect to the first cause of action under § 1983, MCSD Defendants argue that none of the individual Defendants can be sued in their official capacities because the District is not a person within the meaning of § 1983, and because the doctrine of sovereign immunity bars them being sued in their official capacities. Lastly, they argue that Cyprian fails to allege facts sufficient to state any claim individually for purposes of the alleged discrimination against Neil. Plaintiff opposed Defendants' motion. (ECF No. 22.) Defendants submitted a reply. (ECF No. 23.)

---

[6] Although it is not entirely clear from the FAC, Plaintiff appears to be alleging in the first cause of action that (1) Defendants violated § 1983 by denying Neil due process (both substantive and procedural) under the Fourteenth Amendment in suspending and expelling her without notice or process, and (2) racial discrimination in violation of Title VI and Fourteenth Amendment Equal Protection. Plaintiff also appears to argue for the first time in her opposition that Plaintiff was discriminated against as a member of "a limited and specifically definable group of gay High School Students." Nowhere in the FAC does Plaintiff suggest that Neil was discriminated against on the basis of her sexual orientation. Plaintiff cannot make new allegations in the opposition. The Court may only draw factual allegations from the operative complaint on a motion to dismiss. *Arres v. City of Fresno*, No. CV F 10-1628 LJO SMS, 2011 WL 284971, at *18 (E.D. Cal. Jan. 26, 2011) ("New allegations in opposition papers 'are irrelevant for Rule 12(b)(6) purposes.'") (quoting *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197, n.1 (9th Cir. 1998).) The Court will consider only the racial discrimination allegations in the FAC.

[7] Plaintiff sues Defendants Able and Chilles and makes factual allegations pertaining to them, but, in an apparent oversight, fails specify which causes of action are being brought against them. Because both parties address the factual allegations, and appear to assume that both Defendants are being sued under § 1983, the Court will address those arguments here.

4

Defendants' motion is now ripe for review, and is suitable for disposition without oral argument. *See* Local Rule 230(g).

## IV. **STANDARD OF DECISION**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants

5

have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim. "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## V. DISCUSSION

### A. Claims Against Individual Defendants

#### 1. First Cause of Action as to Defendants Sued in Their Official Capacities

Defendants argue that Plaintiff's first cause of action should be dismissed as to individual Defendants sued in their official capacities. (ECF NO. 21 at 5-8.) Based on the Court's reading of the FAC, Plaintiff sues each individual Defendant in their individual capacities only. (FAC ¶¶ 8-22; *see, e.g.*, *id.* ¶ 8 ("Defendant Grenbaux is being sued in his individual capacity."); *id.* at 1 (indicating in the case caption that individual Defendants are sued individually.) However, in its opposition, Plaintiff appears to suggest that she is suing School Board Defendants and Defendants Able and Johnson in their official capacities as well as their individual capacities. (ECF No. 22 at 13-15 ("Defendants GRENBEAUX, ZWAHLEN, BROWN, NEUMAN, MARKS, WALKER, ABLE and JOHNSON . . . are sued in their official and individual capacities.").) For purposes of this motion, Plaintiff's case is limited to what is pled in the FAC; she cannot make new allegations in the opposition. *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such

as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original). Therefore, the Court assumes that all individual Defendants are sued only in their individual capacities. However, for the sake of clarity, because both parties seem to believe that certain individual Defendants are sued in their official capacities, and because Plaintiff will have an opportunity to amend the FAC, the Court will briefly address why Plaintiff is barred from suing School Board Defendants and Defendants Able and Johnson under § 1983 in their official capacities.

The Eleventh Amendment bars § 1983 claims against state actors sued in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). That immunity also extends to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," as well as officials of those entitles sued in their official capacity. *Id.* at 70-71. California school districts are considered "arms of the State." *See Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 253-54 (9th Cir. 1992) ("Under California law, school districts are agents of the state that perform central governmental functions"). Plaintiff alleges that School Board Defendants, as well as Superintendent Able and Associate Superintendent Johnson were employees of MCSD and acting within the scope of their duties and under color of law during the relevant period. Therefore, Defendants Grenbaux, Zwhalen, Brown, Neumann, Marks, Walker, Able, and Johnson are immune from suit for damages in their official capacities. *See Will*, 491 U.S. at 66.[8]

---

[8] As Defendants appear to concede, the Eleventh Amendment does not bar claims for damages against state officials for actions taken in their personal or individual capacities. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *see also Ashker v. Cal. Dep't of Corr.*, 112 F.3d 392, 394-95 (9th Cir. 1997) (citations omitted). Plaintiff can establish personal liability in a § 1983 action by showing the defendant acted under color of state law in deprivation of a federal right. *See Hafer*, 502 U.S. at 25. Insofar as Defendants Grenbaux, Zwhalen, Brown, Neumann, Marks, Walker, Able, and Johnson are sued for damages in their individual capacities, they are not protected by Eleventh Amendment immunity. *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003) ("[T]he Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983.").

## 2. **Defendants Grenbaux, Zwahlen, Brown, Neumann, Marks, Walker, Able, Johnson, Rydquist, and Betschart[9]**

Defendant argues that Plaintiff fails to state a claim against all individual Defendants because the FAC does not make any factual allegations regarding any act or forbearance by any of those Defendants that resulted in a constitutional violation. (ECF No. 21 at 4.)

With respect to School Board Defendants, as well as Defendants Able, Johnson, Rydquist[10], and Betschart, Plaintiff counters that each Defendant was "directly responsible for the oversight of personnel, enforcement of MCSD school policies and compliance with state and federal laws regarding the education of MCSD students, including the oversight and approval of discipline and transfer decisions." (FAC ¶¶ 8-15.) Plaintiffs also point to Paragraphs 75 and 76 of the FAC, which allege that Defendants[11] have a "duty to undertake educational activities to counter discriminatory incidents," and had a "express obligation to adopt and follow anti-discrimination . . . policies and to investigate and resolve complaints of discrimination," but that they that they "intentionally implemented discriminatory disciplinary practices in which [sic] have created a hostile environment on school grounds." (FAC ¶ ¶ 75-76.)

To state a claim under § 1983, plaintiff must allege that: (1) the defendant was acting under color of state law at the time the complained of act was committed; and (2) the defendant's conduct deprived

---

[9] Plaintiff confusingly refers to Defendants Able, Johnson, Rydquist, and Betschart as MCSD school board members, even though they are alleged to be administrators, and not school board members, in the FAC. The Court groups them with School Board Defendants for purposes of this analysis, but refers to them separately, since they are not school board members.

[10] Plaintiff only opposes dismissal against Defendants Rydquist and Betschart in the section heading on page 12 of its opposition. (ECF No. 22 at 12.) Plaintiff does not make any arguments about Rydquist or Betschart in the substance of its opposition. Therefore, it is not entirely clear whether Plaintiff opposes dismissal of these Defendants. Because dismissal of these Defendants would be proper for the same reason that the claims against School Board Defendants and Defendants Able and Johnson is, the Court will address the individual claims against Rydquist and Betschart.

[11] Plaintiff suggests that Paragraphs 75 and 76, when read in conjunction with Paragraphs 8-14, put School Board Defendants on notice that "they have intentionally implemented discriminatory disciplinary practices in violation of the equal protection clause of the 14th Amendment which have created a hostile environment on school grounds." (ECF No. 22 at 15.) In fact, the allegations contained in Paragraph 75 and 76 allege a failure to undertake these actions only against Stanislaus Defendants and Defendant MCSD. These paragraphs make no express allegations against any individual Defendants. Even if they did, the allegations would still be too conclusory to state a claim linking these defendants to any violation for the reasons outlined in this section. *See infra*, at 8-9.

8

plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th Cir. 1998). Plaintiff must also establish causation by demonstrating that each defendant personally was involved in the constitutional violation, or that there was a sufficient causal connection between the defendant's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (en banc). "The inquiry into causation must be individualized to focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (same). As the Supreme Court held in *Ashcroft v. Iqbal*, a Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. 662, 676 (2009). For supervisory employees in discrimination cases, the plaintiff "must plead sufficient factual matter to show that [the defendants] adopted and implemented the detention policies at issue not for a neutral investigative reason but for the purpose of discriminating." *Id.*

Here, Plaintiff does not allege any facts indicating that MCSD School Board Defendants or Defendants Able, Johnson, Rydquist, and Betschart participated in or directed any specific violations. Indeed, the FAC does not offer any *facts* that would plausibly connect these Defendants to the alleged constitutional violations. Moreover, the FAC's allegation that these Defendants "must have known" (*see, e.g.*, FAC ¶ 125) about the effect of allegedly violative policies, even if supported by specific facts, is insufficient to state a claim because direct participation or knowledge is required. *See, e.g.*, *Gullatt v. Kelso*, No. 2:11-CV-1229 KJN P, 2011 WL 1885711, at *3 (E.D. Cal. May 17, 2011) ("[I]t is insufficient that a defendant was aware, knew or should have known, of some alleged constitutional

9

violation. Plaintiff must provide factual allegations sufficient to plausibly suggest that a defendant 'participated in or directed the violations, or knew of the violations and failed to act to prevent them.'"); *E.F. v. Delano Joint Union High Sch. Dist.*, No. 1:16-CV-01166-LJO-JLT, 2016 WL 5846998, at *9 (E.D. Cal. Oct. 6, 2016) (same); *Payne v. City of Oakland*, No. C 08-1786 WHA (PR), 2009 WL 585818, at *1 (N.D. Cal. Mar. 4, 2009) (dismissing claims against supervisors where complaint alleged supervisors "should have known" that subordinate was inclined to use excessive force); *Mitchell v. Skolnik*, No. 2:10-CV-01339-JCM, 2010 WL 5056022, at *3 (D. Nev. Dec. 3, 2010) (dismissing supervisor defendants where complaint alleged only that supervisors "knew or should have known" of the alleged constitutional violations by subordinates).

Plaintiff fails to link School Board Defendants or Defendants Able, Johnson, Rydquist, and Betschart to the alleged constitutional violations. Therefore, insofar as Plaintiff sues School Board Defendants Grenbaux, Zwhalen, Brown, Neumann, Marks, Walker, Able, Johnson, Rydquist, and Betschart in their individual capacities, those claims are DISMISSED WITH LEAVE TO AMEND.

### 3. **Administrator Defendants**

With respect to the remaining individual Defendants, Plaintiff opposes the dismissal of Defendants Park, Carvahlo, Galas, Baum, and Chilles, pointing to the allegations in the FAC that Defendants Park, Carvalho, Galas, Baum, and Chilles each participated in disciplining Neil in violation of the Due Process and Equal Protection Clauses, and therefore that they participated directly in the constitutional violation. (ECF No. 22 at 18-19 (citing FAC ¶¶ 32-37).)

Although Plaintiff's theory of liability under § 1983 is not entirely clear from the FAC, *see supra*, at 3 n.6, Defendants do not challenge the substance of Plaintiff's claim. Defendants only suggest that Plaintiff does not allege any "facts pertaining to any of [the individual Defendants]." (ECF No. 21 at 4-5.) The Court disagrees. Plaintiff alleges that Defendants Park, Galas, and Carvalho "failed to properly investigate the difficulties [Neil] was having with the other student and instituted the no-contact order without notice to [Neil], or providing [Neil] the opportunity to tell her side of the story," that they

10

"intentionally refused serve the Notice of Suspension on either [Neil] or Plaintiff . . . as required," and that they "intentionally failed to investigate the facts before they unilaterally and unconstitutionally suspended." (FAC ¶¶ 32-35.) Likewise, Plaintiff alleges that Defendants Baum and Chilles unconstitutionally suspended, and ultimately expelled, Neil from Thomas Downey High School. (FAC ¶¶ 41-44.) Plaintiff further alleges that all five Defendants "witnessed or were advised of the discriminatory harassment, bullying and intimidation to which student, Plaintiff's daughter [Neil], was subjected but failed to take actions to intervene to protect those students." (FAC ¶ 77.) Plaintiff has linked each of these five Defendants to the alleged constitutional violations. Defendants do not challenge that Plaintiff adequately alleges a constitutional violation, only that the FAC adequately alleges that individual Defendants participated in it. Because Plaintiff has pled facts regarding Defendants Park, Galas, Carvalho, Chilles, and Baum's actual participation in events that they allege constitute a violation, Defendants' motion to dismiss the FAC as to Defendants Park, Galas, Carvalho, Chilles, and Baum is DENIED.

### B. Plaintiff Cyprian's Individual Claims

Plaintiff Cyprian sues Defendants both as the successor in interest to her daughter, Neil, and individually. (FAC ¶¶ 3-4.). Defendants appear to concede that Cyprian may bring all four causes of action as the successor in interest to her daughter Neil. (ECF No. 21 at 8-9.) Under California's survival statute, Neil's claims survived her death, *see* Cal. Civ. Proc. Code § 377.20; *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1103 (9th Cir. 2014), and Cyprian, Neil's mother, is a successor in interest to Neil's estate. Cal. Prob. Code § 6402(b).

However, Defendant asserts that Cyprian cannot sue as an individual for discrimination on behalf of her deceased daughter, Neil, because she does not allege that she was personally discriminated against or deprived of her own rights. (ECF No. 21 at 8-9.) With respect to her § 1983 claim, Plaintiff counters that Defendants violated her Fourteenth Amendment liberty interest in the companionship and society of her child. (ECF No. 22 at 30-31.) Plaintiff also requests leave to file a more definite statement

11

in support of her position that Defendants created a special danger to Neil.[12] (*Id.*) Plaintiff does not address whether she can bring a claim individually under the EEOA (second cause of action) or Title VI (third cause of action) in her opposition brief, nor do Defendants substantively address the issue in their reply brief.

### 1. First and Fourth Causes of Action: Violation of 42 U.S.C. § 1983

Parents and children may assert Fourteenth Amendment substantive due process claims if they are deprived of their liberty interest in the companionship and society of their child or parent through official conduct. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1075 (9th Cir. 2013) (parents and children); *Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991) (parent). "[T]he Due Process Clause is violated by executive action only when it can be properly characterized as arbitrary, or conscience shocking, in a constitutional sense." *Cty. of Sacramento v. Lewis*, 523 U.S. at 845-47; *see Lemire*, 726 F.3d at 1075. The cognizable level of executive abuse of power is that which "shocks the conscience" or "violates the decencies of civilized conduct." *Id.* at 846. Mere negligence or liability grounded in tort does not meet the standard for a substantive due process decision. *Id.* at 849.

Plaintiff alleges a substantive due process violation in the first cause of action. (FAC ¶ 124(a).) Plaintiff also alleges that she had a close parental relationship with her daughter, Neil, which she was deprived of by her daughter's death. (FAC ¶ 4.) Defendants don't challenge the substance of Plaintiff's § 1983 claim in the first cause of action, only the theory that Plaintiff can bring such a claim individually.[13] Indeed, they do not move to dismiss the first cause of action on its merits or in its

---

[12] Plaintiff appears to be responding here to an argument that Defendants is not making – namely, that she did not sufficiently plead a substantive due process claim. Because Defendants do not argue that the substance of Plaintiff's claim in the first cause of action is lacking, the Court will not address Plaintiff's request for leave to file a more definite statement. Plaintiff will have the opportunity to amend the FAC if she wishes.

[13] The motion to dismiss does not challenge the substance of Plaintiff's § 1983 claim. To the extent Defendants attempt to do so in passing in their reply brief (arguing that the FAC does not "include a clearly-stated claim for wrongful death or a substantive due process violation that has a sufficient nexus with Ms. Neal's [sic] death"), their argument is too little, too late.

entirety; they only move to dismiss it as to certain individual Defendants. Theoretically, Plaintiff can bring a § 1983 claim in her individual capacity under the Fourteenth Amendment substantive due process for deprivation of her liberty interest in the companionship and society of her child. *See Lemire*, 726 F.3d at 1075. The extent to which the FAC states such a claim in substance is unclear, but Defendants do not challenge the substance of any such claim in their motion. Therefore, Defendants' motion to dismiss the first cause of action and fourth cause of action brought by Neil individually is DENIED.

### 2. Second Cause of Action: Violation of the Equal Education Opportunities Act of 1974 (20 U.S.C. § 1703)

The EEOA "permits an 'individual denied an equal educational opportunity, as defined by this subchapter, [to] institute a civil action in an appropriate district court of the United States against such parties, and for such relief as may be appropriate.'" *Flores v. Arizona*, 48 F. Supp. 2d 937, 940 (D. Ariz. 1999) (citations omitted). Plaintiff Cyprian does not allege that she individually was denied an equal education opportunity, only that her daughter was. Therefore, Plaintiff does not have a cause of action as an individual under the plain language of the EEOA. *See Collins v. City of N.Y.*, 156 F. Supp. 3d 448, 456 (S.D.N.Y. 2016) (dismissing claim brought by teacher under EEOA because "[t]he EEOA creates a private cause of action for individuals who have been denied an equal education opportunity . . . [plaintiff] does not have standing to bring a claim under the EEOA because she is not a child enrolled in a public school"). Plaintiff Cyprian can only bring such a claim on behalf of her daughter, Neil. Therefore, the second cause of action, insofar as Plaintiff Cyprian brings it individually, is DISMISSED WITH LEAVE TO AMEND. Plaintiff may proceed on this claim as successor in interest to her daughter, Neil.

---

(ECF No. 23 at 9.) Defendants are not entitled to raise new arguments in the reply brief. *Doe v. Whitman Coll.*, 100 F.3d 961 (9th Cir. 1996). ("It is well established that an appellant cannot raise an issue for the first time in a reply brief."). Therefore, the argument that Plaintiff fails to state a claim for a substantive due process violation in the FAC is waived. Moreover, the argument is not even sufficiently developed in the reply, and this Court declines to make the argument for Defendants.

### 3. Third Cause of Action: Violation of Title VI (42 U.S.C. § 2000d *et seq.*)

Section 2000d of Title 42 provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." To state a claim under Title VI, a plaintiff must allege that (1) the entity involved is engaged in racial discrimination, and (2) the entity involved is receiving financial assistance. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1133 (9th Cir. 2001). Although the plaintiff must prove intent at trial, it need not be pled in the complaint." *Id.*

Although most circuits have concluded that parents may not pursue Title VI claims individually because they are not beneficiaries of federally-funded school programs, "the Ninth Circuit . . . has held that '[t]here is no requirement that [a] plaintiff plead that he was an intended beneficiary of the federally funded program' to state a Title VI claim." *Xie v. Oakland Unified Sch. Dist.*, No. C 12-02950 CRB, 2013 WL 812425, at *4 n.4 (N.D. Cal. Mar. 5, 2013) (citing *Fobbs*, 29 F.3d at 1447). Nonetheless, Plaintiff must still allege that she has standing to assert discrimination claims against Defendants. *Allen v. Wright,* 468 U.S. 737, 750 (1984). The standing doctrine addresses the question of "whether the litigant is entitled to have the court decide the merits of the dispute." *Warth v. Seldin,* 422 U.S. 490 (1975). In order to have standing, the plaintiff must have suffered an "injury in fact," meaning that a *legally protected interest,* which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical, has been invaded. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). Second, there must be a causal connection between the injury and the conduct complained of. Third, it must be likely that the injury will be redressed by a favorable decision. *Id.*

Plaintiff does not plead facts to suggest that Defendants discriminated against her, or otherwise infringed on her legally protected interests. *See Anderson v. California*, No. 10 CV 2216 MMA AJB, 2011 WL 1212726, at *3 (S.D. Cal. Mar. 30, 2011) (plaintiff lacked standing to bring discrimination

claim individually, as alleged discriminatory conduct concerned plaintiff's daughter). Her failure to do so is fatal to her individual claim under Title VI. Therefore, insofar as Plaintiff brings the third cause of action individually, that claim is DISMISSED WITH LEAVE TO AMEND. Plaintiff may proceed on this claim on behalf of her daughter, Neil.

### VI. <u>CONCLUSION AND ORDER</u>

Accordingly, the Court hereby orders:

1. The FAC is DISMISSED WITH LEAVE TO AMEND as to Defendants Grenbaux, Zwahlen, Brown, Neumann, Marks, Walker, Able, Johnson, Rydquist, and Betschart;
2. Defendant's motion to dismiss the FAC as to Defendants Park, Carvahlo, Galas, Baum, and Chilles is DENIED;
3. Insofar as Plaintiff Cyprian brings claims individually, those claims are DISMISSED WITH LEAVE TO AMEND as to the second and third causes of action. Defendants' motion to dismiss the first cause of action against Plaintiff Cyprian individually is DENIED.

Plaintiff shall have twenty (20) days from electronic service of this Order to file an amended complaint or give notice that she will stand on the current pleading.

IT IS SO ORDERED.

Dated: **July 6, 2017**          /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

15