UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONESHIA NEIL, Deceased, THROUGH HER SUCCESSOR IN INTEREST LATISHA CYPRIAN; LATISHA CYPRIAN, Individually,<br><br>Plaintiff,<br><br>v.<br><br>DAN PARK; NADENE GALAS; RICHARD BAUM; and CHRISTOPHER CHILLES,<br><br>Defendants. | 1:17-cv-0256-LJO-SKO<br><br>MEMORANDUM DECISION AND ORDER GRANTING DEEFENDANTS' MOTION FOR SUMMARY JUDGMENT; ORDER DENYING MOTION TO BIFURCATE AS MOOT<br><br>(ECF Nos. 76, 77, 78) |

## I. INTRODUCTION

This action arises out of Doneshia Neal's suicide following disciplinary proceedings resulting in suspensions and an alleged expulsion from two public high schools in Stanislaus County.[1] Neal, through her mother and successor in interest Latisha Cyprian ("Plaintiff" or "Cyprian"), filed a third amended complaint ("TAC") in this action on November 6, 2017, against Fred Beyer High School ("Beyer") Principal Dan Park; Beyer Assistant Principal Nadene Galas; Beyer Campus Supervisor Gary Carvalho; Thomas Downey High School ("Downey") Principal Richard Baum; and Downey Assistant Principal Christopher Chilles. The TAC alleges a single cause of action under 42 U.S.C. § 1983 for violation of Neal's civil rights, including her right to equal protection, her right to procedural due process, and her right to substantive due process under the Fourteenth Amendment.

---

[1] Defendants indicate that school administrative records show that the proper spelling of Doneshia's last name is Neal rather than Neil as it is spelled by Plaintiff's counsel in the complaint and filings. ECF No. 76-6 at Exs. 1-3. Inexplicably, the parties continue to alternately spell her name as both Neil and Neal in their filings. The Court will refer to Doneisha with the correct spelling of her last name, "Neal."

Plaintiff filed three prior complaints in this action, each with varying Defendants and causes of action.[2] After multiple motions to dismiss and amendments to the complaint by Plaintiff, the Defendants that remain include Defendants Park and Galas, Principal and Vice Principal at Beyer High School; and Defendants Baum and Chilles, Principal and Vice Principal at Downey High School. *See* ECF Nos. 30, 39, 47 and ECF Nos. 10, 31, 40.[3] The substantive due process claim was dismissed in the Court's prior order on the motion to dismiss the TAC. ECF No. 47 at 12-15. The remaining claims under § 1983 are an equal protection claim against Galas and procedural due claims against all remaining Defendants - Park, Galas, Baum and Chilles. *Id.* at 7-12.

Defendants Park, Galas, Baum, and Chilles ("Defendants") filed motions for summary judgment. ECF No. 76, 78. Defendants also concurrently filed a motion to bifurcate the trial. ECF No. 77. Plaintiff filed oppositions to each of the motions. ECF Nos. 81-83.[4] Defendants replied. ECF Nos. 85-87. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and venue is proper in this court. Defendants' motions are now ripe for review and are suitable for disposition without oral argument. *See* Local Rule 230(g); ECF No. 91. Having carefully considered the record in this case, the parties' briefing, and the relevant law, the Court grants Defendants' motions for summary judgment on the basis that this action is barred by the statute of limitations.

---

[2] The Court refers to its prior orders on Defendants' motions to dismiss for details on prior variations of the complaint. *See* ECF Nos. 30, 39, 47.

[3] Defendant Gary Carvalho, who was named in the TAC and not dismissed in the Court's prior orders, was voluntarily dismissed from this action in February 2019. *See* ECF Nos. 67, 68.

[4] The Clerk directed Plaintiff to re-file its oppositions to the motions using the correct filing event since Plaintiff filed them as motions instead of oppositions. ECF No. 84. Plaintiff not only failed to properly file the oppositions but made multiple additional filings including two declarations with attachments. *See* ECF Nos. 89, 90, 92. The first late filed declaration indicates that Plaintiff's counsel inadvertently did not include a statement of disputed facts and a request for judicial notice in his original filing of his opposition to Defendants Park, Galas, and Baum's motion. ECF No. 90. Because the same documents were filed with respect to Plaintiff's opposition to Defendant Chilles' motion, the Court sees no reason to not consider the later filed documents. However, it is unclear what the July 24, 2019 declaration is supplementing and why it was filed weeks late so the Court does not consider it. ECF No. 92.

## II. **FACTUAL BACKGROUND**[5]

In the fall of 2014, Neal, an African-American female, was enrolled as a high school freshman at Beyer High School in Modesto, CA. TAC ¶ 20. Neal was an honor roll student and an active participant in several Beyer High School sports teams. *Id.* In the months before Neal's death, she was having difficulties with a student and in December 2014, a no contact contract was instituted where Neal agreed not to have any contact with the student, G.B., and was warned that she would be punished by a five-day suspension if the contract was broken. UMF 40. On January 12, 2015, Neal was involved in an altercation with G.B., the details of which are disputed. UMF 41-49. At least two other students were involved in the incident. *Id.* While the TAC alleged that Neal and an another African-American student were suspended while two of the Caucasian students were not, after discovery it appears that Neal, an African-American student, and one of the Caucasian students involved were all suspended after the incident. *Compare* TAC ¶¶ 22-24 *with* UMF 48.[6] G.B. advised Galas that Neal had pushed her during the altercation and Neal was given the opportunity to provide a written statement in response which Neal and Galas discussed in a conference. UMF 41-43.[7] Plaintiff disputes that Neal ever pushed

---

[5] Because the Court finds that the statute of limitations bars this action, the Court only recites the pertinent facts to provide the background of the case. The parties have filed various versions of statement of facts without clearly indicating in their briefing which version is being referenced and without clearly compiling the facts in any sort of organized fashion. Because of the disarray of the filings, the Court refers to the facts set forth by Defendant Baum, Park, and Galas in their statement of facts and explicitly undisputed by Plaintiff in her response as "UMF." ECF No. 82-3. Plaintiff disputed certain facts in her response to Defendants statement of facts which the Court refers to as "PSF". *Id.* Plaintiff also submitted an additional statement of disputed facts which the Court refers to as "PDF." ECF No. 81-4. To the extent the parties have failed to set out the relevant factual context in their submissions, the Court also resorts to citing to the Complaint solely for the purpose of providing relevant context and not for the purpose of making factual findings. ECF No. 40, ("TAC").

[6] Plaintiff responds that G.B, who was not suspended for her involvement in the incident, is Native American, Hispanic, and white, however, this is immaterial for the purposes of this motion. PSF 48.

[7] While Plaintiff states that these facts are disputed, the evidence she presents in response is unrelated to the factual content referenced herein. For example, in response to Defendants' submission that Neal provided a written statement, Plaintiff states "Objection: Misstates the evidence. The statement listed J.W. as a witness who was not interviewed" and goes on to state that Neal was referred to counseling. PSF 42. However, the response and purported dispute has nothing to do with the factual statement that Neal provided a written statement to Galas about the January 12, 2015 incident and as such is ignored. Throughout much of Plaintiff's response to Defendants' statement of facts, she states that a fact is disputed and goes on to submit information wholly irrelevant to the stated

G.B. PDF 19-20. Neal was suspended for five days. UMF 46, 53. On January 21, 2015, Defendant Galas contacted Plaintiff to inform her that Neal could not return to school because Galas heard that Neal had sent a threatening text message to the Caucasian student and that she made sexually harassing statements towards the Caucasian student. UMF 59-60. Galas concluded that the text messages were an expellable offense since they occurred after the suspension. *Id.*[8] After speaking with Park, Galas spoke with Plaintiff and offered that Neal be sent to an inferior alternative school, called Turnaround Opportunity School ("TOPS") instead of initiating expulsion proceedings. UMF 60. Plaintiff submits that Galas left a voicemail indicating that Neal could not return to Beyer. PSF 61. On January 26, 2015, Galas called Plaintiff and stated that she was aware that Neal's friend said Neal talked about killing herself in the previous week. PSF 84; PDF 66-67. Plaintiff was reluctant to withdraw Neal from Beyer but ultimately agreed to transfer her to Downey because Galas told her she would get Neal counseling at Downey. PSF 64.

On January 27, 2015, Cyprian enrolled Neal at Downey High School and she started school the next day. UMF 66. Shortly after transferring to Downey High School, Neal was accused of videotaping and instigating a fight on February 4, 2015, somewhere near the school campus. UMF 69. Defendant Chilles met with Neal in his office about the incident and asked her to provide a statement about her version of events and showed her a copy of a video he received which he believed showed her recording and instigating the fight. UMF 72-73. Neal denied videotaping the fight. PSF 74-75. Chilles indicated that Neal was most likely going to receive a three-day suspension for videotaping the fight and could potentially get a referral to TOPS. UMF 68, 76, 77. After cursing at Chilles, Neal left campus without permission and before Chilles

---

fact. These facts are not dispositive for the purposes of this motion and for the purposes of providing factual background, the Court ignores purported disputes where it is unrelated to the stated fact.

[8] The Court notes that the screenshots of the text messages submitted as evidence do not make it clear when the text messages were sent, who sent them, who received them, and whether the content constitute threats or harassment. ECF No. 76-6, Galas Declaration, at Exs. 6-7.

could complete his investigation. UMF 77. On February 5, 2015, Chilles called Plaintiff leaving a message that Neal had been suspended, that he was recommending a TOPS program, and that he needed her to come down to campus to speak with him. UMF 78-80; PSF 78. Plaintiff called Chilles back but was unable to connect with him. PSF 78.

At some time on February 6, 2015, Neal committed suicide by consuming a toxic, lethal dose of over-the-counter antihistamine medicine. UMF 1; TAC ¶ 40.

### III. <u>STANDARD OF DECISION</u>

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *See id.* at 255; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Liberty Lobby, Inc.*, 477 U.S. at 249-50. A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby, Inc.*, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted).

The moving party bears the initial burden of informing the Court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323. If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. *See* Fed. R. Civ. P. 56(c); *Liberty Lobby,*

*Inc.*, 477 U.S. at 250.

## IV. DISCUSSION

The remaining § 1983 claims for disposition on summary judgment are an equal protection claim against Defendant Galas and procedural due process claims against Defendants Park, Galas, Baum, and Chilles. Defendants Park, Galas, Baum and Chilles move for summary judgment arguing first that the claims are barred by statute of limitations and that the doctrine of equitable tolling does not apply.[9] Because the Court finds that the action is barred by the statute of limitations, it declines to reach any of the other arguments made in the motions.

### 1. Relevant Facts For Statute of Limitations

Neal died on February 6, 2015. UMF 1. Plaintiff filed a complaint in California Superior Court for the County of Stanislaus on September 20, 2016, against Modesto City Schools and Does 1 to 10 alleging five causes of action concerning issues surrounding Neal's death including wrongful death; her excessive discipline; the failure to follow suspension/expulsion/transfer

---

[9] Defendants Park, Galas, and Baum filed a request for judicial notice in conjunction with their motion for summary judgment, requesting the Court take judicial notice of the following facts from Plaintiff's state court action:
    1. The only named Plaintiffs were Latisha Cyprian in her individual capacity and Doneisha Neal (who was then already deceased);
    2. The only named Defendant was Modesto City Schools;
    3. None of these individuals [(Park, Galas, Baum, or Chilles)] was a named defendant in the action;
    4. The action did not contain any of the claims which are contained in this action against either Park, Baum, or Galas; and
    5. The action was dismissed for failure to state a cause of action on February 1, 2017.
ECF No. 76-4 at 2. The request references two exhibits – the September 20, 2016, complaint filed in the Superior Court of California for the County of Stanislaus in case number 2021791 and the state court's February 1, 2017, order on Modesto City Schools' demurrer in which the state court ordered the case dismissed with prejudice for failure to state a cause of action. ECF No. 76-5, Declaration of Lynn Garcia ("Garcia Decl."), at Exs. 3-4. Similarly, Plaintiff's opposition contained a request for judicial notice of the demurrer that was filed in the state court action and of Defendants' answer to the TAC. ECF No. 81-5. The Court need not take judicial notice of items on its docket but "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also* Fed. R. Evid. 201(b) (district court may take judicial notice of a fact which is not subject to reasonable dispute where it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). These state court filings meet the requirements of Federal Rule of Evidence 201(b)(2) and neither party objects to their consideration. The Court does not consider the facts as submitted by the Defendants in their request but rather will take judicial notice of the submitted state court documents themselves rather than Defendants' interpretation of them.

procedure; coercion; and failure to hold state mandatory suspension/expulsion hearings pursuant to procedures. Garcia Decl. at Ex. 3. In the allegations, the state court complaint mentioned "Galace" and "Gillis" as actors who participated in the wrongdoing, presumably referencing Defendants Galas and Chilles. *Id.* at 47-53. On December 5, 2016, Modesto City Schools filed a demurrer to the complaint, submitting that the facts failed to constitute a cause of action against Defendant because Plaintiff failed to comply with the California Tort Claim Act's claim presentation requirements of filing a timely petition pursuant to Government Code § 946.6, and also failed to allege a statutory basis for liability against the school district as a public entity. *See* ECF No. 81-2 at Ex. 1. The Stanislaus complaint was dismissed without leave to amend on February 1, 2017, for failure to state of cause of action. UMF 8; Garcia Decl. at Ex. 4. This instant federal action was filed on February 22, 2017. ECF No. 1.

Plaintiff and Defendants agree that the applicable statute of limitations for the § 1983 claims is two years pursuant to California Code of Civil Procedure § 335.1. *See Owens v. Okure*, 488 U.S. 235, 250 (1989) (state's general or residual statute of limitations governing personal injury actions applies to § 1983 actions); *see also* ECF No. 76-1 at 11; ECF No. 78-1 at 8-9; ECF No. 81 at 16-17; ECF No. 82 at 5; ECF No. 89 at 5. The parties also seem to agree that the statute of limitations accrued on February 6, 2015, the date of Neal's suicide. The Court will not question this assumption and will assume without deciding that is the date of accrual. Since the parties agree that the action accrued on February 6, 2015, and this action was not filed until February 22, 2017, Plaintiff also explicitly concedes that absent tolling, the claim would be time-barred since it was filed more than two years after accrual. ECF No. 81 at 17; ECF No. 82 at 5. Here, Plaintiff's complaint has specifically pled equitable tolling applies. ECF No. 40 at 19-20. Defendants contend Plaintiff cannot establish that the doctrine of equitable tolling applies because she has not met the three requirements for application of the doctrine. ECF No. 76-1 at 11-13; ECF No. 78-1 at 8-11. Plaintiff's opposition submits that the timely filing of the state court action equitably tolled the statute of limitations for this subsequent federal action. ECF No. 81 at 16-20; ECF No. 82 at 4-7. Plaintiff's opposition does not offer any other theory for which to excuse the late filing of this action, more than two years after Neal's death.

7

## 2. Equitable Tolling Standard

"As with the limitations period itself, we borrow our rules for equitable tolling of the period from the forum state, California." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).

"It is fundamental that the primary purpose of statutes of limitation is to prevent the assertion of stale claims by plaintiffs who have failed to file their action until evidence is no longer fresh and witnesses are no longer available." *Addison v. State of California*, 21 Cal. 3d 313, 317 (1978). "The doctrine of equitable tolling focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the need to prepare a defense." *Cervantes*, 5 F.3d at 1275. Under California law, equitable tolling "reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." *Addison,* 21 Cal. 3d at 317. The doctrine is a "judicially created, nonstatutory doctrine . . . designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99 (2008) (internal quotation marks and citations omitted). The doctrine of equitable tolling "is supported by several important policy considerations[:]"

> First, it serves the fundamental purpose of the statutes of limitations by providing timely notice of claims to defendants, without imposing the costs of forfeiture on plaintiffs. Second, it avoids the hardship of compelling plaintiffs to pursue several duplicative actions simultaneously on the same set of facts. Third, it lessens the costs incurred by courts and other dispute resolution tribunals, because disposition of a case filed in one forum may render proceedings in the second unnecessary or easier and less expensive to resolve.

*Downs v. Dep't of Water & Power*, 58 Cal. App. 4th 1093, 1100 (1997). "[D]etermining the applicability of equitable tolling necessitates resort to the specific circumstances of the prior claim: parties involved, issues raised, evidence considered, and discovery conducted." *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1140 (9th Cir. 2001).

California courts have developed a "definitive three-pronged test for invocation of the doctrine" of equitable tolling. *Loehr v. Ventura County Community College Dist.,* 147 Cal. App. 3d 1071, 1085 (1983). "Application of the three-part test is mandatory." *Cervantes*, 5 F.3d at 1275-76. "A plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these factors: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim." *Id.* at 1275.

### 3. Application of Equitable Tolling Test to the Facts of This Case

This case turns on the first factor of the test - the timely notice requirement. "The timely notice requirement essentially means that the first claim must have been filed within the statutory period." *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924-25 (1983). Here, the state action was timely filed within the statutory two-year period; however, it is unclear if the notice aspect of the requirement was fulfilled since the state court complaint named only Modesto City Schools as a defendant. Garcia Decl. at Ex. 3. None of the individuals moving for summary judgement in this action was named as a defendant in the state court action. In *Collier v. City of Pasadena*, the court elaborated that the timely notice requirement requires that "the filing of the first claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim. *Generally this means that the defendant in the first claim is the same one being sued in the second*." 142 Cal. App. 3d at 924-25 (emphasis added). By way of example the court indicated that "a workers' compensation claim equitably tolls a personal injury action against that same employer for injuries sustained in the same incident. But under ordinary circumstances that workers' compensation claim would not equitably toll a personal injury action against a third party who might also be liable for the injury." *Id.* at 924-25.

In *Cervantes*, the Ninth Circuit briefly addressed whether equitable tolling may apply when the defendant in the first claim is different than the defendant named in the second claim. 5 F.3d at 1276. In that case, plaintiff alleged he was wrongfully arrested as part of a conspiracy involving police officers and sued the city, police department, and police officers to recover for a

conspiracy allegedly resulting in wrongful termination from his employment with the fire department. Plaintiff pursued administrative remedies from his termination before the state civil service commission. In reversing the grant of the motion to the dismiss on statute of limitations grounds, the Ninth Circuit, in a footnote, stated:

> Although generally the notice factor "means that the defendant in the first claim is the same one being sued in the second," this is not an absolute requirement. *See Collier,* 142 Cal. App. 3d at 924. The notice factor may be satisfied where a defendant in the second claim was alerted to the need to gather and preserve evidence by the first claim even if not nominally a party to that initial proceeding. *See [i]d.* at 928–29. For example, here the district court noted that several of the defendants were not parties to Cervantes' administrative proceedings. However, from the allegations of the complaint, it appears that these defendants, all but one of whom have close affiliations with the City, may well be in the kind of evidentiary privity as would justify overlooking their nominal absence from the Civil Service proceedings.

*Id.* at 1276, n.3. The court's decision highlighted that "California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation." *Id.* at 1276. The Court has not located additional authority to elaborate on when parties can be considered closely affiliated or in "evidentiary privity" for purposes of equitable tolling. Nor have the parties briefed the issue.

Because application of equitable tolling is circumstance specific, the Court looks at the facts presented in this case. The Defendants in this action were not named in the timely filed state court action. Additionally, all the Defendants have filed declarations stating that they did not receive notice of the state court action and first learned of its existence sometime in 2019. ECF No. 76-6, Declaration of Nadene Galas ("Galas Decl."), at ¶¶ 1-3; ECF No. 76-7, Declaration of Dan Park ("Park Decl."), at ¶¶1-3; ECF No. 76-8, Declaration of Richard Baum ("Baum Decl."), at ¶ 1-3; ECF No. 78-2, Declaration of Christopher Chilles ("Chilles Decl."), at ¶ 23. Plaintiff does not present any evidence to dispute these statements but instead states the fact is "Irrelevant" or otherwise "Disputed" because they were on "constructive notice." ECF No. 81-3 at 9; ECF No. 82-3 at 7. Plaintiff does not provide evidence to support the statement that they were on constructive notice or case law that supports the proposition that constructive notice is

relevant for the purposes of equitable tolling. Plaintiff argues that Defendant Chilles and Galas were "on constructive notice that the lawsuit was pending by virtue of its public filing and by virtue of the fact that McCormick, Barstow . . . defended the state court filing and also drafted the answer to the instant litigation on behalf of all defendants." ECF No. 82-3 at 2-3. Again, Plaintiff does not provide legal support for the proposition that different defendants being defended by the same law firm in different actions provides notice, constructive or otherwise, to individual defendants for purposes of equitable tolling. The Court is not convinced by this unsupported argument. The Ninth Circuit, in an unpublished opinion, found the fact that non-employer defendants were represented by employer's counsel who was sued in the first claim did not serve to put the non-employer defendants on notice of the possibility of being sued in the second claim as required by law for equitable tolling. *Tokerud v. Pac. Gas & Elec. Co.*, 141 F.3d 1179 (9th Cir. 1998).

"The requirement that the alternative proceeding apprise the defendant of the nature of the claim and the plaintiff's intent to litigate has led several courts to conclude that, where the first proceeding does not seek relief against the defendant in the second proceeding, equitable tolling does not apply." *Apple Valley Unified Sch. Dist. v. Vavrinek, Trine, Day & Co.*, 98 Cal. App. 4th 934, 954 (2002), *as modified on denial of reh'g* (June 26, 2002) (collecting cases); *Garabedian v. Skochko* 232 Cal. App. 3d 836 (1991) (suit against United States Department of Housing and Urban Development ("HUD") under Federal Tort Claims Act did not equitably toll suit of plaintiff who was injured on HUD property against an independent contractor who managed property); *Read v. Rydingsword*, 110 F.3d 69 (9th Cir. 1997) (unpublished opinion) (defendants who were retired county officials sued in their individual capacities for constitutional violations under § 1983 were not in "sufficient 'evidentiary privity'" with the county who was timely sued in an administrative action and equitable tolling did not apply); *High Country Linens, Inc. v. Block*, No. C 01-02180 CRB, 2002 WL 1998272, at *4 (N.D. Cal. Aug. 20, 2002) (granting summary judgment and finding statute of limitation was not equitably tolled where defendants in second suit were officers of the company which was sued in first suit); *see also Thompson v. California Fair Plan Assn.*, 221 Cal. App. 3d 760, 765 (1990) ("It is

difficult to imagine how [insurance claims manager not named in the first suit against insurer] could have been alerted to the need to investigate the facts of the second claim.").

In *Sierra Club, Inc. v. California Coastal Com.*, the court stated that the doctrine of equitable tolling applies only where the plaintiff commences a second action "which is in reality a continuation of an earlier action 'involving the *same parties*, facts, and cause of action . . . .'" and found "the very crux of the problem" was the parties were not the same in the original versus amended petition. 95 Cal. App. 3d 495, 503-04 (1979) (emphasis added) (quoting *Tannhauser v. Adams*, 31 Cal. 2d 169, 177 (1947)). In *Dowell v. Cty. of Contra Costa*, the court found that "*due to the lack of identity of the parties*, the existence of continuing administrative proceedings by [Plaintiff] against the State would not toll the statute of limitation for [Plaintiff's] cause of action against the County." 173 Cal. App. 3d 896, 903 (1985) (emphasis added). In *Provencio v. Vazquez*, a state tort action was timely filed but only included ten of thirty-seven Defendants named in the later filed federal civil rights complaint, and the court found plaintiff had not shown that "that the Defendants to this federal civil rights action were alerted that they needed to begin investigating the facts that formed the basis of the State Court Case in which they were not named as Defendants." No. 1:07CV0069 AWI TAG, 2008 WL 3982063, at *8 (E.D. Cal. Aug. 18, 2008) ("Plaintiffs have pointed to nothing in the record suggesting that the additional Defendants in this federal civil rights action even knew about the State Court Action filed against the other Defendants"). "California law is clear that the most important aspect of the equitable tolling doctrine is timely notice to 'alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim.'" *Foss v. Rowen*, No. 2:15-CV-0686 TLN DB P, 2017 WL 416138, at *4 (E.D. Cal. Jan. 30, 2017), *aff'd*, 704 F. App'x 719 (9th Cir. 2017) (quoting *Daviton*, 241 F.3d at 1138). "In fact, California cases have held that both claims should name the same defendant in order for tolling to apply." *Id.* Here, the first claim did not alert Defendants in the second claim (the instant action) of the need to begin investigating facts. Defendants were unaware, as a matter of the undisputed evidence submitted, that the state court action existed.

The court in *Apple Valley* noted that it was "aware of decisions applying equitable tolling against defendants who were not parties to the prior actions. However, those decisions involve fact situations in which the defendants *clearly had notice of the claims against them before the statutes expired*." 98 Cal. App. 4th at 955 (emphasis added). The cases examined by the Court which apply equitable tolling against defendants not parties to the first action all seem to involve facts or allegations that the defendants in the second action were actually aware of the first action. For example, in *Azer v. Connell*, the first suit brought by a laboratory for withholding of Medi-Cal funds was against the State Controller in her official capacity. 306 F.3d 930, 937 (9th Cir. 2002).[10] The Ninth Circuit found that this put individual defendants who worked in the Office of the Controller, as well as employees of the State Department of Health Services – which had an interagency agreement in place with the Controller's office – on notice that they might be subject to suit as individuals. *Id.* However, the court noted that since the Controller's office employees had cooperated with State DHS employees in investigating the laboratory and in withholding payments, including withholding payments after the laboratory prevailed in state court, that this constituted "protracted activity" which was sufficient to put the individual defendants on continuing notice of the possibility of suit. *Id.* The court found that individuals working for the agency could not "credibly claim that they were unaware of suits brought against the Controller" since they were actively involved in the investigation, and therefore reversed the grant of a motion to dismiss. *Id.*

The Court finds *Azer* distinguishable because here Defendants have submitted that they had no notice of the state suit against the school district and Plaintiff has not presented any evidence to contradict Defendants' statements. This is not a case where the individual Defendants were involved in state litigation for over two and half years as was the case in *Azer*. *See Azer*, 306 F.3d at 937. Additionally, because it appears discovery was never conducted in the

---

[10] The Court notes that none of the parties' briefing examines the *Azer* decision.

state court suit, presumably as a result of its quick dismissal, there was no reason for the individual Defendants to learn about the allegations of wrongdoing therein. *See* Galas Decl. at ¶ 3; Park Decl. at ¶ 3; Baum Decl. at ¶3. The Court has not located a case where a court applied the doctrine of equitable tolling when defendants in the second claim were not named in the first claim, plausibly claimed that they never received notice of the first claim, and plaintiff presented no evidence to contradict the defense position. Because the state suit was against the school district, did not name the individual Defendants here, appears to have been dismissed by the state court before any of the individual Defendants could have been contacted during discovery, and Defendants in fact were unaware of the state court action, the state court action did not provide timely notice to Defendants Park, Galas, Baum and Chilles. *See* Galas Decl. at ¶ 3; Park Decl. at ¶ 3; Baum Decl. at ¶3; Chilles Decl. at ¶ 23. The requirement for equitable tolling that "the filing of the first claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim" is not met here. *See Collier v*, 142 Cal. App. 3d at 924.

Although ignorance of a defendant's identity generally does not toll the statute of limitation since a Plaintiff can file suit against "Doe" defendants, *see Bernson v. Browning-Ferris Indus.*, 7 Cal. 4th 926, 932 (1994), here Plaintiff did name Doe defendants in their state complaint and actually identified Galas and Chilles (albeit misspelling their names) in the allegations of that complaint. *See* Garcia Decl. at Ex. 3. If Plaintiff intended on suing Galas and Chilles, it is not clear why they were not named as defendants in the complaint despite being named in the allegations. *See, e.g.*, *High Country Linens, Inc.*, 2002 WL 1998272, at *4 ("the fact that plaintiff named APE, and not the Blocks individually, as defendant in the first case may have signaled to the Blocks that plaintiff did not hold them individually responsible for its injury. This reasonability of this inference is highlighted by the fact that all of the facts underlying a claim against the Blocks individually were known to plaintiff when it filed the first suit"). Plaintiff does not explain why these individual Defendants were not named as Defendants in the state court action, even where the identities of at least two of the Defendants appeared to be known. Nor do "the principles of equitable tolling described above. . . extend to what is at best a

garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

The evidence on summary judgment shows that none of the Defendants received notice of the 2016 state court action until this year. *Cf. Hunt v. Regents of Univ. of California*, No. A112276, 2007 WL 3138363, at *7 (Cal. Ct. App. Oct. 29, 2007) (unpublished disposition) ("it was [Plaintiff's] burden to produce evidence that the statute had been tolled, which included evidence that the individual defendants received notice of [Plaintiff's] potential claims against them.") (citation omitted). While "[n]o specific type of notice is required" the filing of the first claim must alert defendant in the second claim so that "defendant[s] ha[ve] adequate opportunity to gather and preserve evidence, the very purpose of statutes of limitation." *Daviton*, 241 F.3d at 1139. Here, Defendants Park, Galas, Baum, and Chilles were not named in the first suit and were not alerted of the need to investigate facts. For similar reasons, including that Defendants were not able to gather evidence due to the lack of notice, the second prong of the equitable tolling test - lack of prejudice to the defendants in gathering evidence for the second claim – is also not met. *See Collier*, 142 Cal. App. 3d at 925 ("The second prerequisite essentially translates to a requirement that the facts of the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second."). Because the requirements for equitable tolling have not been met, the doctrine does not apply here. The statute of limitations thus bars the suit against Defendants Park, Galas, Baum, and Chilles. Defendants' motions for summary judgement are granted on the basis of the statute of limitations barring the suit.

## V. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motions for summary judgment, ECF No. 76, 78, are **GRANTED**. Defendants' motion to bifurcate, ECF No. 77, is **DENIED** as moot.

IT IS SO ORDERED.

Dated: **August 29, 2019**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

15